Chief Justice CAPPY, Justices NIGRO, NEWMAN and SAYLOR, EAKIN and BAER are with the opinion.

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner**

v.

**Gary Scott SILVER, Respondent.**

**No. 998 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

Nov. 23, 2005.

Superior Court did not, even though both parties addressed the question. Nor did the Superior Court explain why it did not address the question. No doubt, the Superior Court ignored the issue because it had been resolved in PP & L's favor, and the Stantons did not separately seek to appeal the interlocutory order; as a technical matter, the issue was not properly before the court.

Since the Stantons were the prevailing party in the trial court, albeit on other issues, they were under no obligation to pursue an interlocutory appeal by permission to secure review of this third issue. The Superior Court's mandate in this case, which this Court affirms, directs the trial court to enter summary judgment in favor of PP & L. Upon entry of that order, the Stantons will be out of court, and will be free, if they so desire, to seek to appeal that final order to secure appellate review of the question concerning the swing-arm gate.

## ORDER

PER CURIAM.

AND NOW, this 23rd day of November, 2005, on certification by the Disciplinary Board that the respondent, GARY SCOTT SILVER, who was suspended by Order of this Court dated April 6, 2005, for a period of six months, has filed a verified statement showing compliance with all the terms and conditions of the Order of Suspension and Rule 217, Pa.R.D.E., and there being no other outstanding order of suspension or disbarment, GARY SCOTT SILVER is hereby reinstated to active status, effective immediately.